IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DONNA ADAMS-PICKETT, MD. And<br>AUGUSTA WOMEN'S HEALTH &<br>WELLNESS CENTER, P.C. &<br><br>      Plaintiffs,<br><br>v.<br><br>MAG MUTUAL INSURANCE<br>COMPANY,<br>      Defendant, | Civil Action File No.: _____ |

## COMPLAINT

COMES NOW, Plaintiffs Donna Adams Pickett, MD and Augusta Women's Health & Wellness Center, P.C. (hereinafter "Plaintiffs") and bring this Complaint against Mag Mutual Insurance Company, and in support thereof shows as follows:

1. Plaintiff Donna Adams-Pickett, M.D. is a female African American physician with an office located at 3652 J. Dewey Gray Circle, Augusta, Richmond County, Georgia 30909.

2. Plaintiff Augusta Women's Health & Wellness Center, P.C. is a Georgia domestic professional corporation with its principal place of business located at 3652 J. Dewey Gray Circle, Augusta, Richmond County, Georgia 30909.

3. Defendant is a Georgia domestic Insurance Company with its principal office address located at 3535 Piedmont Road, NE., Building 14, Suite 1000, Atlanta, Georgia 30305-1518. Service of Process may be perfected on Defendant's registered agent: CT Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046

4. Jurisdiction and venue are proper with this Court pursuant to 42 U.S.C. §1981 and O.C.G.A. §33-4-1.

## FACTS

5. Plaintiff Donna Adams Pickett is a member of a protected group based on her race (African American), color (Black), ethnicity (non-white, non-Hispanic or Latino) and gender (female).

6. Plaintiff Augusta Women's Health & Wellness Center, P.C is African American owned and operated by Plaintiff Donna Adams Pickett and therefore qualifies as a minority owned corporation with standing to bring a discrimination claim.

7. Plaintiff Augusta Women's Health & Wellness Center P.C. entered into a contract for medical malpractice (professional liability) insurance from Defendant.

8. The policy provided professional liability coverage to the medical practice and to Plaintiff Donna Adams-Pickett, MD to protect the Plaintiffs in cases of patient litigation.

9. The subject policy was in effect October 1, 2021 through October 1, 2022, with a Retroactive Date of October 1, 2008.

10. Plaintiffs had been insured by Defendant since 2008.

11. On or about January 24, 2022 Defendant provided Plaintiffs with a Notice of Intent to Cancel insurance coverage dated January 17, 2022 which stated in pertinent part:

>     Account No:              G1204680
>     Policy No:               PSL-1204680
>     Past Due Amount:         $15,302.00
>     If payment is not received by 02/06/2022 cancellation will take effect at 12:01 AM: 02/06/2022.[1]
>     Minimum Amount Due:      $15,302.00

(See Plaintiffs' Exhibit A)

12. Defendant did not provide Plaintiffs with any subsequent Notice(s) of Intent to Cancel.

13. On January 27, 2022, Plaintiffs electronically paid Defendant the amount owed pursuant to the January 17, 2022 Notice of Intent to cancel.

14. Plaintiffs' electronic payment was received by Defendant on or before on January 28, 2022.

15. Thereafter, on February 6, 2022 Defendant cancelled Plaintiffs' professional liability policy of insurance.

16. Plaintiffs were required to report Defendant's cancellation of malpractice coverage to the State medical governing board.

17. Plaintiffs were required to report Defendant's cancellation of malpractice coverage to Doctors Hospital and University Hospital (Currently Piedmont Augusta Hospital).

18. Defendant's cancellation of Plaintiffs' malpractice coverage impacted Plaintiffs 'renewal of privileges.

19. At the time of the cancellation, Plaintiffs were defending against two (2) active civil law suits that were the number one (1) and number two (2) cases on the trial calendar in the State Court of Richmond County for trials beginning March 14th, 2021.

20. Defendant's cancellation of Plaintiffs' malpractice coverage constituted a departure from Defendant's usual and customary practice of not cancelling Insured's malpractice coverage for a late premium payment while Insureds are actively defending against matters set for trial.

21. Defendant's cancellation of Plaintiffs' malpractice coverage also constituted a departure from Defendant's usual and customary practice of not cancelling Insured's malpractice

coverage for a late premium payment when an Insured was willing and able to pay the premium.

22. Defendant's actions in violation of 42 U.S.C. §1981 and Georgia Law have caused irreparable injury to Plaintiffs' medical practice, the loss of substantial revenue and has permanently injured Plaintiffs reputation and standing in the medical community.

23. Notwithstanding its wrongful conduct, Defendant refused to reinstate Plaintiffs' malpractice insurance coverage.

### COUNT I - DISCRIMINATION BASED ON RACE AND/OR GENDER
### (42 U.S.C. §1981)

24. Plaintiffs incorporate the forgoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

25. Plaintiff Donna Adams Pickett is a member of a protected group based on her race (African American), color (Black), ethnicity (non-white, non-Hispanic or Latino) and gender (female).

26. Plaintiff Augusta Women's Health & Wellness Center, P.C is African American owned and operated by Plaintiff Donna Adams Pickett and therefore qualifies as a minority owned corporation with standing to bring a discrimination claim.

27. Plaintiffs entered into a contractual relationship with the Defendant for medical malpractice (professional liability) insurance coverage.

28. Under 42 U.S.C. section 1981, "[a]ll persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . " 42 U.S.C. §1981(a).

29. Defendant discriminated against Plaintiffs in the making and/or enforcing of the contract to provide medical malpractice (professional liability) insurance coverage , denying them of full and equal benefit of all laws enjoyed by white citizens.

30. Plaintiffs were subjected to adverse actions because of Plaintiff's race/color/ethnicity and/or gender.

31. Plaintiffs' race, color, ethnicity and/or gender was/were a but for cause of the Defendant's adverse action and other discriminatory conduct and practices against Plaintiffs.

32. At all relevant times, Defendant had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified, participated in and/or allowed the discrimination to exist or were in reckless disregard of Plaintiff's federally-protected rights.

33. As a direct and proximate result of Defendants acts and conduct, Plaintiffs have suffered and continue to suffer significant and ongoing economic harm.

34. Plaintiffs claim an amount to be proven at trial together with  prejudgment interest pursuant to 42 U.S.C. §1981, O.C.G.A. §33-24-44 and O.C.G.A. §9-10-93.

35. As further direct and proximate result of Defendant's acts and conduct, Plaintiffs have been caused to, and did suffer and continued to suffer general damages including but not limited to emotional distress, loss of enjoyment of life, etc.

36. Defendant committed the acts herein alleged with malice and/or reckless indifference to Plaintiffs' federally protected rights such that punitive damages are proper to punish and/or make an example of Defendant.

37. Plaintiffs also seek and are entitled to the recover attorney's fees in connection with this cause of action pursuant to 42 U.S.C. §1988.

## COUNT II – WRONGFUL CANCELLATION OF INSURANCE COVERAGE

38. Plaintiffs incorporate the forgoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

39. Plaintiffs complied with all conditions and prerequisites filing this action for recovery of claimed damages under the policy of insurance with Defendant.

40. Defendant provided Plaintiffs with Notice of Intent to Cancel the subject policy of insurance if Plaintiffs did not pay $15,302 by 02/06/022.

41. Plaintiff paid Defendant $15,302 before 02/06/022.

42. Defendant cancelled Plaintiffs' malpractice insurance coverage notwithstanding Plaintiffs' compliance with the Notice of Intent to Cancel.

43. Plaintiffs have suffered significant damages in an amount greater than $1,000,000.00 as result of Defendant's action in violation of O.C.G.A. §33-24-44.

44. Plaintiffs' damages are ongoing and continuing.

45. Defendant wrongfully cancelled Plaintiff's medical malpractice (personal Liability) insurance coverage causing Plaintiffs to suffer significant and ongoing financial harm.

## COUNT III - BREACH OF COVENANT AND DUTY OF GOOD FAITH AND FAIR DEALINGS

46. Plaintiffs incorporate the forgoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

47. Plaintiffs entered into a contract for professional liability insurance with Defendant.

48. As part of that contract, Plaintiffs agreed to pay certain premiums and Defendant agreed to provide certain coverage.

49. Included in the contract provided by the Defendant, was "Georgia Cancellation Endorsement" which stated: "How we can cancel if you do not pay your premium. If you fail to pay any premium when due, we can cancel your policy. If we cancel for this reason, we will mail or deliver a written cancellation notice to you at least 10 days before your coverage will end."

50. Defendant's wrongful cancellation constitutes a breach of that contract and a violation of Georgia's covenant of good faith and fair dealings in the performance and enforcement of those contracts.

51. Georgia's law implies a covenant of good faith and fair dealings in all contracts between all parties entered into in the State of Georgia.

52. As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer significant and ongoing financial harm

WHEREFORE, Plaintiffs pray for judgment as follows:

   a. Plaintiffs seek judgment against Defendant in the amount of $1,000,000.00 plus pre and post judgment interest not less than 18% per annum,

   b. Plaintiffs seek punitive damages against Defendant for violating Plaintiffs' federally protected rights with malice or with reckless indifference.

   c. Plaintiffs request reinstatement of the professional liability policy of insurance without penalty and with the same terms and retroactive date that was in effect at the time it was wrongfully cancelled,

   d. Plaintiffs request reasonable attorney's fees and costs of this action, and

e. Plaintiffs pray for such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this  17  day of         May       , 2022.

/s/ Edward J. Tarver
Edward J. Tarver
Attorney for Plaintiffs
Georgia Bar No. 698380

Enoch Tarver, PC
3540 Wheeler Road, Suite 312
Augusta, GA 30909
Phone (706)-738-4141
E-Mail etarver@enochtarver.com