**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **DONNA ADAMS-PICKETT, MD and** | ) | |
| **AUGUSTA WOMEN'S HEALTH &** | ) | |
| **WELLNESS CENTER, P.C.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:22-CV-00063-JRH-BKE** |
| **v.** | ) | |
| | ) | |
| **MAG MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION

COMES NOW, Defendant MAG Mutual Insurance Company ("MagMutual"), and hereby responds to Plaintiffs' First Interrogatories and Request for Production, as follows:

### PRELIMINARY STATEMENT

Except for the explicit facts stated herein, no incidental admissions are intended by these responses. The fact that MagMutual has responded to any of these interrogatories and requests is not an admission that it accepts or admits the existence of any fact, or set of facts, set forth or assumed by such interrogatory or request, or that such response constitutes admissible evidence. The fact that MagMutual has answered part or all of any interrogatory or request is not intended, and shall not be construed, to waive any objection to the same. Further, MagMutual objects to these interrogatories and requests to the extent they seek the disclosure of information subject to the work product doctrine, attorney-client privilege and/or other applicable privilege. If any information produced herein or herewith is protected by the work product doctrine, attorney-client privilege and/or other applicable privilege, MagMutual has not done so intentionally and reserves

EXHIBIT 1

the right to preserve and assert the doctrine or privilege at any time in these proceedings.  To the extent any individual response might arguably waive an objection or claim of the doctrine or privilege, such waiver shall be limited to that response only and shall not extend to any other response.  All evidentiary objections are reserved, and no waiver of any objection is to be implied from these responses.

## RESPONSES TO FIRST INTERROGATORIES

### 1.

Please identify any person you expect to call to testify at the time of trial.

**RESPONSE:** MagMutual objects to this Interrogatory to the extent it seeks information beyond the scope of the Federal Rules of Civil Procedure.  MagMutual objects to this Interrogatory on the grounds that discovery in this matter is just beginning and MagMutual does not presently possess information responsive to this Interrogatory.  Subject to and without waiving these objections, Mag Mutual reserves the right to supplement its response to this Interrogatory consistent with the requirements of the Federal Rules of Civil Procedure respecting the identification of witnesses it expects to call to testify at the time of trial.

### 2.

Identify the persons involved in the investigation and handling of Plaintiffs' policy and include a brief description of the involvement of each person identified, their title/position, and the date(s) of such involvement. If said employee is no longer employed by you, please provide last known address, telephone number and email address.

**RESPONSE:** MagMutual objects to this Interrogatory on the grounds that the phrase "investigation and handling of Plaintiffs' policy" is vague and ambiguous.  MagMutual objects to

2

EXHIBIT 1

this Interrogatory on the grounds that it is not limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this case.  Subject to and without waiving the foregoing objections, and with respect to policy number PSL-1204680 (the "Subject Policy") for the 2021-2022 policy period, MagMutual incorporates by reference as if fully set forth herein its response to Initial Disclosures No. 1.  To the extent the information sought by this Interrogatory encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

3.

Identify any and all persons who had decision making authority related to the Notice of Cancellation, Cancellation and/or Reinstatement of the subject policy.

**RESPONSE:** MagMutual objects to this Interrogatory on the grounds that the phrase "decision making authority" is vague and ambiguous.  Subject to and without waiving this objection, a Notice of Cancellation is automatically generated upon non-payment of premium. Further responding, Xavier Lewis, Sr. Underwriter; Debbie Willis, Sr. Underwriter; and Austin Marshall, Underwriter were involved in the decision not to reinstate the Subject Policy for the 2021-2022 policy period after Plaintiffs' non-payment of premium.

4.

If you performed any investigative steps in addition to what is reflected in the file for the policy, please generally describe those investigative steps conducted by you or any of your

3

EXHIBIT 1

representatives with respect to the facts surrounding the circumstances of the subject termination of coverage. Identify the persons involved in each step.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the phrase "investigative steps" is vague and ambiguous.  Subject to and without waiving this objection, to the extent MagMutual took "investigative steps" respecting cancellation of the Subject Policy for the 2021-2022 policy period, MagMutual exercises its option pursuant to Fed.R.Civ.P. 33(d) and produces herewith non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual.

4.

Identify by date, author, and result the estimates, appraisals, and other reports generated as a result of your investigation.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the term "your investigation" is vague and ambiguous.  Subject to and without waiving this objection, to the extent MagMutual conducted an "investigation," it did not generate "estimates, appraisals or other reports," and does not possess information responsive to this Interrogatory.  Further answering, MagMutual exercises its option pursuant to Fed.R.Civ.P. 33(d) and produces herewith non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual.

5.

State the following concerning notice of termination of coverage and timing of payment:

4

EXHIBIT 1

a. The date and manner in which you sent notice of termination of coverage;

b. The date and manner in which you acknowledged receipt of any payments from Plaintiffs 6 months before and any time after you sent the Notice of Termination that is the subject of this claim;

c. The date and manner in which you commenced investigation of the policy;

d. The date and manner in which you notified the Plaintiffs in writing of the Termination of Coverage.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the term "investigation of the policy" is vague and ambiguous.  Subject to and without waiving this objection, MagMutual exercises its option pursuant to Fed.R.Civ.P. 33(d) and produces herewith non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual.

6.

Identify by date, amount and reason, the insurance payments paid to you by the Plaintiffs between 2008 and the Present.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and is not proportional to the needs of the case since it requests information from 2008 through 2022; whereas the issue of Plaintiffs' payment of premiums or lack thereof respects only the Subject Policy for the 2020-2021 and 2021-2022 policy periods.  Subject to and without waiving the foregoing objections, MagMutual exercises its option pursuant to Fed.R.Civ.P. 33(d) and

EXHIBIT 1

produces herewith non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual with respect to the Subject Policy for the 2019-2020, 2020-2021 and 2021-2022 policy periods.

7.

Has Plaintiff's malpractice insurance coverage been terminated? If so, state the reasons for termination of the malpractice insurance coverage.

**RESPONSE:**  Plaintiffs' Medical Professional Liability Insurance with MagMutual was cancelled with respect to the Subject Policy for the 2021-2022 policy period based upon non-payment of premiums.

8.

Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with the termination of malpractice insurance coverage.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is not limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case.  Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to this Interrogatory.

9.

From September 1, 2008 to the present, what documents (including those maintained electronically) relating to the investigation or handling of the malpractice insurance coverage are

EXHIBIT 1

routinely generated during the course of the investigation and handling of a termination of coverage by you?

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the terms "investigation" and "handling" are vague and ambiguous.  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and is not proportional to the needs of the case since it requests information from 2008 through 2022, but the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period.  Subject to and without waiving the foregoing objections, MagMutual exercises its option pursuant to Fed.R.Civ.P. 33(d) and produces herewith non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual with respect to cancellation of the Subject Policy for the 2021-2022 policy period.

10.

Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's malpractice insurance coverage been destroyed or disposed of? If so, please identify what, when and why the document(s) were destroyed and describe your document retention policy.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the terms "investigation" and "handling" are vague and ambiguous.  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the

EXHIBIT 1

claims or defenses at issue in this case.  Subject to and without waiving the foregoing objections, MagMutual is not aware of any documents having been destroyed with respect to cancellation of the Subject Policy for the 2021-2022 policy period.

11.

Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the factual bases for this contention and specifically identify any documents you contend support this position.

**RESPONSE:**  MagMutual contends that Plaintiffs breached the Subject Policy for the 2021-2022 policy period by failing to pay premiums on time.  MagMutual will exercise its option pursuant to Fed.R.Civ.P. 33(d) and produce non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual with respect to cancellation of the Subject Policy for the 2021-2022 policy period.

12.

Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the factual bases for this contention.

**RESPONSE:**  For response to this Interrogatory, MagMutual incorporates by reference as if fully set forth herein its response to Interrogatory No. 11.

13.

Please identify by name of all insured(s), the race of the insured(s), gender of the insured(s), medical specialty of the insured(s) and reason for termination for all malpractice insurance policies that were terminated by you from September 1, 2008 to the present.

8

EXHIBIT 1

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case because there is no actionable gender discrimination claim pled in this matter, and the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period.  MagMutual further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit because the information necessary to respond to this Interrogatory is not readily available electronically and would require reviewing each cancelled policy individually to determine whether it was a medical professional liability policy in the first instance.  Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to this Interrogatory to the extent that it seeks information respecting the race or gender of its insureds because MagMutual does not solicit or maintain such information.

14.

Please identify by name of all insured(s), the race of the insured(s), gender of the insured(s), medical specialty of the insured(s) and reason for termination for all malpractice insurance policies terminated by you while the insured was defending against active pending malpractice claims from September 1, 2008 to the present.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case because there is no actionable gender discrimination claim pled in this matter; the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period; and

EXHIBIT 1

cancellation of the Subject Policy for the 2021-2022 policy period had no impact on the defense being provided to the Plaintiffs for then-pending claims, which was confirmed to Plaintiffs in a February 8, 2022 email stating, in relevant part, "The pending open claims on the loss report will continue to be handled by the claims team since they were reported prior to the cancellation." MagMutual further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit.  Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to this Interrogatory to the extent that it seeks information respecting the race or gender of its insureds because MagMutual does not solicit or maintain such information.

15.

Please identify by name of all insured(s), race of the insured(s), gender of the insured(s), medical specialty of the insured(s) all malpractice insurance policies that met guidelines for termination of coverage for nonpayment of premiums, but Defendant elected to continue malpractice insurance coverage from September 1, 2008 to the present. For each insured identified, please state Defendant's reason for continuing malpractice insurance coverage.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case because there is no actionable gender discrimination claim pled in this matter, and the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period.  MagMutual further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit

10<br>EXHIBIT 1

because the information necessary to respond to this Interrogatory is not readily available electronically and would require reviewing each notice of cancellation that was generated, and for each such notice, whether the insurance policy was maintained in place.  Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to this Interrogatory to the extent that it seeks information respecting the race or gender of its insureds because MagMutual does not solicit or maintain such information.

16.

Identify all persons who may have any knowledge of any facts or circumstances surrounding the issues raised in this action or any person who may be called as a witness by the Defendant in this matter, and for each please state:

    a.      Name, address and telephone number (if not a current employee of Defendant),
    b.      Relationship to Defendant,
    c.      Employer,
    d.      Employer's address (if not Plaintiff),
    e.      Summary of information or knowledge which Defendant believes this person to have.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the phrase "facts or circumstances surrounding the issues raised in this action" is overly broad, vague and ambiguous.  MagMutual also objects to this Interrogatory to the extent it seeks information beyond the scope of the Federal Rules of Civil Procedure.  MagMutual further objects to this Interrogatory on the grounds that discovery in this matter is just beginning and MagMutual does not presently possess information responsive to this Interrogatory to the extent it seeks identification of "any person who may be called as a witness by Defendant in this matter."  Subject to and without waiving these objections, Mag Mutual reserves the right to supplement its response to this Interrogatory consistent with the requirements of the Federal Rules of Civil Procedure respecting

EXHIBIT 1

the identification of individuals Defendant may call as witnesses; further responding, MagMutual incorporates by reference as if fully set forth herein its response to Initial Disclosures No. 1.

17.

Were any statements (oral, written, recorded or otherwise transcribed) taken from Plaintiffs and/or Plaintiff's representatives, employees or witnesses regarding any allegations contained in the Complaint or defenses raised. For each such statement, please state:

  a.  Name of the person whose statement of was taken,
  b.  Address and telephone number of the person whose statement was taken,
  c.  Name and address of the person who took the statement,
  d.  Date statement was taken,
  e.  Form in which the statement was taken,
  f.  Name of the individual or entity with possession or custody of the statement, and
  g.  Summary of the information contained in the statement.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the phrase "statements . . . taken" is vague and ambiguous.   Subject to and without waiving the foregoing objection, to the extent that any "statements" may have been "taken" from Plaintiffs and/or Plaintiffs' representatives, MagMutual will exercise its option pursuant to Fed.R.Civ.P. 33(d) and produce non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual. MagMutual does not possess any witness statements or affidavits responsive to this Interrogatory.

18.

Are you aware of any statements made by the Plaintiffs or anyone acting on Plaintiffs' behalf regarding any allegations made in the Complaint or any defenses made? For each alleged statement, please provide:

  a.  Name(s) of person(s) who heard such statement(s),
  b.  When he/she heard such statement(s),

EXHIBIT 1

c.  If not listed above, the address and telephone number of the person who heard the statement,

d.  Where the statement was made,

e.  Whether any document(s) was created to memorialize this statement, and if so, how such document(s) would be identified, and

f.  Detailed account of such statement(s).

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that the term "statements" is vague and ambiguous.   Subject to and without waiving the foregoing objection, to the extent that any "statements" may have been "made" by Plaintiffs or anyone acting on Plaintiffs' behalf, MagMutual will exercise its option pursuant to Fed.R.Civ.P. 33(d) and produce non-privileged responsive documents subject to the terms of the Stipulation and Order (Doc. 16) from which the answer to the Interrogatory may be derived or ascertained and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for MagMutual.  MagMutual does not possess any witness statements or affidavits responsive to this Interrogatory.

19.

For all Defendant employees who were involved in speaking with Plaintiffs to accept premiums payments telephonically and/or accepting monies telephonically from Plaintiffs for policy premiums, provide their: name, whether they are still employed with Defendant, if not provide their last known address, telephone number and email address, and all documents evidence their training to act in their capacity at Defendant insurer including dates said training was completed.

**RESPONSE:**  MagMutual objects to this Interrogatory on the grounds that it is not limited in time or scope.   MagMutual also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case.  MagMutual further objects to this Interrogatory because it seeks information that is not proportional to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit because

EXHIBIT 1

there is no dispute that Plaintiffs successfully made a telephonic payment in February 2022. Subject to and without waiving the foregoing objections, MagMutual does not have information responsive to this Interrogatory to the extent it seeks training information.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All files regarding Plaintiffs malpractice insurance policy, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

**RESPONSE:** MagMutual objects to this Request on the grounds that the phrases "file jackets" and "'field' notes" are vague and ambiguous. MagMutual objects to this Request on the grounds that it is not limited in time or scope. MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case. MagMutual further objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy for the 2021-2022 policy period. To the extent the information sought by this Request encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

EXHIBIT 1

2.

The underwriting files referring or relating in any way to the malpractice insurance policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**RESPONSE:** MagMutual objects to this Request on the grounds that it is not limited in time or scope.  MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case.  Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) respecting underwriting materials for the Subject Policy for the 2021-2022 policy period.

3.

A certified copy of the malpractice insurance policy pertaining to the coverage terminated by Defendant involved in this suit.

**RESPONSE:**  MagMutual will produce a certified copy of the Subject Policy for the 2021-2022 policy period.

4.

The electronic diary, including the electronic and paper notes made by Defendant's personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' malpractice insurance coverage.

**RESPONSE:**  MagMutual objects to this Request on the grounds that it is not limited in time or scope.  MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case.  MagMutual further objects to this Request to the extent it seeks documents protected by the attorney-client or work product

15

EXHIBIT 1

privileges.   Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy for the 2021-2022 policy period.   To the extent the information sought by this Request encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

5.

The telephone log for all calls made to/from Plaintiffs or about the subject policy from November 1, 2021 through the present.

**RESPONSE:**  MagMutual does not possess information responsive to this Request, except to the extent that the substance of any telephone calls to/from the Plaintiffs may have been summarized or documented in emails; MagMutual produces herewith responsive documents subject to the terms of the Stipulation and Order (Doc. 16).

6.

Copies of any and all telephone calls that were recorded by the Defendant which involved the Plaintiffs or discussed their policy of insurance with Defendant from November 1, 2021 through the present.

**RESPONSE:**  MagMutual does not possess information responsive to this Request, except to the extent that the substance of any telephone calls to/from the Plaintiffs may have been summarized or documented in emails; MagMutual produces herewith responsive documents subject to the terms of the Stipulation and Order (Doc. 16).

EXHIBIT 1

7.

Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of the involuntary termination of medical malpractice coverage from September 1, 2008 to Present.

**RESPONSE:**  MagMutual objects to this Request on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case.  Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to this Request.

8.

Your written procedures or policies (including document(s) maintained in electronic form) in place from September 1, 2008 to present that pertain to the involuntary termination of medical malpractice coverage.

**RESPONSE:**  MagMutual objects to this Request on the grounds that it is duplicative of Request No. 7; MagMutual incorporates herein as if fully set forth its response to Request No. 7.

9.

The adjusting reports and estimates prepared concerning Plaintiffs' malpractice insurance coverage.

**RESPONSE:**  MagMutual objects to this Request on the grounds that the phrases "adjusting reports" and "estimates prepared" are vague and ambiguous.  MagMutual objects to this Request on the grounds that it is not limited in time or scope.  MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and not proportional to the needs of the case because the case involves the

EXHIBIT 1

cancellation of only the Subject Policy for the 2021-2022 policy period.  Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy respecting underwriting materials for the 2021-2022 policy period.

10.

The emails, instant messages and internal correspondence pertaining to Plaintiffs' malpractice insurance coverage from September 1, 2008 to present.

**RESPONSE:**  MagMutual objects to this Request on the grounds that it is overly broad and not properly limited in time or scope.  MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and not proportional to the needs of the case because the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period.  MagMutual further objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges.  Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy for the 2021-2022 policy period.  To the extent the information sought by this Request encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

11.

If different from information provided in response to previous requests included herein, Plaintiffs' malpractice insurance file.

EXHIBIT 1

**RESPONSE:** MagMutual objects to this Request on the grounds that the phrase "malpractice insurance file" is vague and ambiguous. MagMutual objects to this Request on the grounds that it is not limited in time or scope. MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case. MagMutual further objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy for the 2021-2022 policy period. To the extent the information sought by this Request encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

12.

The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed to handle medical malpractice policies from September 1, 2015 to present.

**RESPONSE:** MagMutual objects to this Request on the grounds that the phrase "employed to handle medical malpractice policies" is vague and ambiguous. MagMutual objects to this Request on the grounds that it is overly broad and not properly limited in time or scope. MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and not proportional to the needs of this case because the case involves the cancellation of only the Subject Policy for the 2021-2022 policy period.

EXHIBIT 1

Subject to and without waiving the foregoing objections, MagMutual does not possess information responsive to his Request.

13.

For the past five years, the portions of the personnel file of the employees involved in handling Plaintiffs' policy that pertain to disciplinary actions associated with the handling of policies.

**RESPONSE:** MagMutual objects to this Request on the grounds that the phrase "involved in handling Plaintiffs' policy" is vague and ambiguous. MagMutual objects to this Request on the grounds that it is overly broad and not properly limited in time or scope. MagMutual also objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses at issue in this case and not proportional to the needs of this case. MagMutual also objects to this Request because the personnel files of employees contain confidential information. Subject to and without waiving the foregoing objections, and to the extent that MagMutual understands the scope of the information being sought, MagMutual does not possess information responsive to his Request.

14.

All correspondence between the Defendant insurer and Plaintiffs from September 1, 2015 to present.

**RESPONSE:** MagMutual objects to this Request on the grounds that it is overly broad and not properly limited in time or scope. MagMutual also objects to this Request on the grounds that it seeks information that is neither not relevant to the claims or defenses at issue in this case. MagMutual further objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. Subject to and without waiving the foregoing

EXHIBIT 1

objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) for the Subject Policy for the 2021-2022 policy period. To the extent the information sought by this Request encompasses information and/or documents that were prepared or maintained in connection with or as a result of MagMutual affording Plaintiffs with a defense to claims alleged against the Plaintiffs, those documents are protected from disclosure by the attorney-client privilege and/or work product doctrine and are being withheld.

15.

Please produce all documents identified in, referred to, or relied upon in responding to Defendant's First Interrogatories to Plaintiff.

**RESPONSE:** MagMutual objects to this Request to the extent it seeks documents "relied upon in responding to [Plaintiffs'] First Interrogatories to [Defendant]" on the grounds that it seeks information protected by the attorney-client and work product privileges, and those documents are being withheld. Subject to and without waiving the foregoing objections, MagMutual produces herewith non-privileged, responsive documents subject to the terms of the Stipulation and Order (Doc. 16) consisting of those documents identified in or referred to in Defendant's Responses and Objections to Plaintiffs' First Interrogatories.

16.

Produce proof of training for all Defendant employees who were involved in the decision to accept premium payments telephonically from Plaintiffs and employees who were involved in accepting premium payment telephonically from Plaintiffs, and all documents to support your response to interrogatory #19 above.

EXHIBIT 1

**RESPONSE:**   MagMutual  incorporates  herein  as  if  fully  set  forth  its  response  to

Interrogatory No. 19.


This 23rd day of September, 2022.

WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

/s/ *Nancy F. Rigby*
John C. Bonnie
Georgia Bar No. 067540
Stephen J. Rapp
Georgia Bar No. 103806
Nancy F. Rigby
Georgia Bar No. 605453
*Attorneys for Defendant*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404.876.2700 (tel)
jbonnie@wwhgd.com
srapp@wwhgd.com
nrigby@wwhgd.com

EXHIBIT 1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on the following attorneys of

record via electronic mail:

Edward J. Tarver, Esq.
Enoch Tarver, PC
3540 Wheeler Road, Suite 312
Augusta, Georgia 30909
etarver@enochtarver.com

This 23rd day of September, 2022.

*/s/ Nancy F. Rigby*
Nancy F. Rigby
Georgia Bar No. 605453

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| **DONNA ADAMS-PICKETT, MD and**<br>**AUGUSTA WOMEN'S HEALTH &**<br>**WELLNESS CENTER, P.C.,** | )<br>)<br>) |
| | ) |
| **Plaintiffs,** | )   **CIVIL ACTION FILE NO.** |
| | )   **1:22-CV-00063-JRH-BKE** |
| **v.** | ) |
| | ) |
| **MAG MUTUAL INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### VERIFICATION

BEFORE ME, the undersigned Notary Public, this day appeared KIM MCGEE COFFIN,

Senior Account Manager for MAG Mutual Insurance Company ("MagMutual"), who being by

me duly sworn on her oath, deposes and states that she is authorized to make this Verification on

behalf of MagMutual in the within action; has read the foregoing Responses and Objections to

Plaintiffs' First Interrogatories; and states that although she does not have personal knowledge of

all of the facts recited therein, the information contained therein has been collected by others at

or on behalf of MagMutual, and said answers are true and correct to the best of her knowledge,

information and belief.

This 23rd day of September, 2022.

_Kim McGee Coffin_
KIM MCGEE COFFIN
Senior Account Manager

EXHIBIT 1

STATE OF FLORIDA                    )

COUNTY OF _Brevard_                )

      Sworn to before me and subscribed before me this **23** day of September, 2022.

_____

Notary Public   Adyson Cantwell

My Commission Expires: April 26 2022

NOTARY SEAL:
ADYSON CANTWELL
NOTARY
My Comm. Expires
April 26, 2026
No. HH 257607
PUBLIC
STATE OF FLORIDA

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **DONNA ADAMS-PICKETT, MD and AUGUSTA WOMEN'S HEALTH & WELLNESS CENTER, P.C.,**     ) | |
|       ) | |
|       ) | |
|       ) | |
|       **Plaintiffs,**     ) | **CIVIL ACTION FILE NO.** |
|       ) | **1:22-CV-00063-JRH-BKE** |
| **v.**     ) | |
|       ) | |
| **MAG MUTUAL INSURANCE COMPANY,**     ) | |
|       ) | |
|       **Defendant.**     ) | |
| _____     ) | |

**DEFENDANT MAG MUTUAL INSURANCE COMPANY'S LOG OF PRIVILEGED
AND/OR REDACTED DOCUMENTS**

| BATES NUMBER | DATE | ITEM | DESCRIPTION | PRIVILEGE ASSERTED / BASIS FOR REDACTION |
|---|---|---|---|---|
| MAG Mutual 00155 | 02//11/22 | Redacted Email | From Kara Cleary, Sr. Corporate Counsel, to Justin Peterson, Dir. Regional Small Business and Agency Relations | Attorney-Client/Work Product |
| MAG Mutual 00155 | 02/11/22 | Redacted Email | From Justin Peterson, Dir. Regional Small Business and Agency Relations, to Kara Cleary, Sr. Corporate Counsel | Attorney-Client/Work Product |
| MAG Mutual 00160 | 02/11/22 | Duplicate Redacted Email | From Justin Peterson, Dir. Regional Small Business and Agency Relations, to Kara Cleary, Sr. Corporate Counsel | Attorney-Client/Work Product |

EXHIBIT 1